IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRIAN LEONARD, | CASE NO. 1:11CV0143 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| v. | |
| KATHLEEN ANN SUTULA, *et al.*, | <u>MEMORANDUM OF OPINION AND ORDER</u> |
| Defendants. | |

Plaintiff *pro se* Brian Leonard filed this action under the Civil Rights Act of 1981, 42 U.S.C. § 1983 against Cuyahoga County, Ohio Common Pleas Court Judge Kathleen Ann Sutula and the Cuyahoga County Department of Jobs and Family Services. Also before the Court is Plaintiff's Motion to *Proceed In Forma Pauperis*. (Doc. 2). He states that he filed a *pro se* action in Common Pleas Court that was assigned to Judge Sutula. Plaintiff contends that she failed to rule on motions and improperly dismissed his case. The Cuyahoga County Department of Jobs and Family Services allegedly discriminates against fathers concerning payment of child support.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this

action is dismissed pursuant to section 1915(e).

Judge Sutula is a Common Pleas Court Judge. It is well established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 386 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). When the function complained of is truly a judicial act, judicial immunity applies. *Yarbrough v. Garrett,* 579 F.Supp.2d 856, 860 (E.D. Mich., 2008)(citing *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994)). There are no facts alleged reasonably suggesting Judge Sutula acted outside the scope of her official duties. Judge Sutula definitely acted within the scope of her official duties in presiding over Plaintiff's court case.

Further, the Cuyahoga County Department of Jobs and Family Services is a county entity. Generally, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.,* 436 U.S. 658, 691 (1978). The Sixth Circuit has held that "in order to state a claim against a county under § 1983, a Plaintiff must show that his injury was caused by an unconstitutional 'policy' or 'custom' of the municipality or the county." *Stemler v. City of Florence,* 126 F.3d 856, 865 (6th Cir.1997). *See Monell,* 436 U.S. at 692; *Nash v. Cuyahoga Metropolitan Housing Authority*, 2008 WL 495616 * 2 (N.D. Ohio, Fef. 21, 2008). There are no such allegations.

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* is granted. This action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: 3/4/2011           s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**U.S. DISTRICT COURT JUDGE**